## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## Wheeling

**ALVIN DAMON WILLIAMS,**

        Petitioner,

v.                                **Civil Action No. 5:20-CV-119**
                                         Judge Bailey

**R. HUDGINS,**

        Respondent.

### ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 13]. On June 18, 2020, petitioner, acting *pro se*, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. Therein, petition alleges that his underlying conviction is no longer valid following the decision of the Supreme Court of the United States in *Rehaif v. United States*, 139 S.Ct. 2191 (2019).

Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on September 9, 2020, wherein he recommends the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed without prejudice for lack of jurisdiction. For the reasons that follow, this Court will adopt the R&R.

1

## I. BACKGROUND

Petitioner is a federal inmate housed at FCI Gilmer and is challenging the validity of his conviction from the District of South Carolina.[1] On August 20, 2013, a federal grand jury returned an Indictment charging petitioner with the following: (1) possession with intent to distribute 28 grams or more fo cocaine base and cocaine in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(B), (b)(1)(C); (2) felon in possession of a firearm in violation of 18 U.S.C. §§ 922 (g)(1), 924(a)(2); (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1); and (4) possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1).

In February 2014, a jury found petitioner guilty on all counts. On June 20, 2014, petitioner was sentenced to a total of 180 months. Petitioner appealed, but the Fourth Circuit rejected his arguments and affirmed.

On February 23, 2017, petitioner filed a Motion to Vacate under 28 U.S.C. § 2255, in which he alleged, *inter alia*, ineffective assistance of trial counsel. The district court denied the motion and denied a certificate of appealability. Petitioner did not appeal that decision.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation

---

[1] Unless otherwise specified, the information contained in the "Background" section of this opinion is take from petitioner's criminal docket available on PACER. *See* **United States v. Williams**, 3:13-CR-00758.

2

to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his Objections to the R&R [Doc. 15] on September 28, 2020. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

In the current petition, petitioner challenges the validity of his conviction under 18 U.S.C. § 922(g)(1) following the decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). More

3

specifically, petitioner argues that the trial court did not instruct the jury on the knowledge requirement of both elements of the crime charged. Furthermore, petitioner asserts that the evidence presented at trial did not support the knowledge requirement. Petitioner requests that his conviction be vacated, and his sentence be modified accordingly. See [Doc. 1].

Generally, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention. However, § 2255(e) contains a savings clause, which allows a district court to consider a habeas petition brought by a federal prisoner under § 2241 where § 2255 is "inadequate or ineffective to test the legality" of the detention. 28 U.S.C. § 2255; see also *United States v. Poole*, 531 F.3d 263, 270 (4th Cir. 2008). The fact that relief under § 2255 is procedurally barred does not render the remedy inadequate or ineffective to test the legality of a prisoner's detention. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). In the Fourth Circuit, a § 2255 petition is only inadequate or ineffective to test the legality of detention when:

> (1) [A]t the time of conviction, settled law in this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law.

*Poole*, 531 F.3d at 269 (quoting *In re Jones*, 226 F.3d at 333–34).

Here, the magistrate judge found that the petition should be dismissed because petitioner cannot meet the second prong of the *Jones* test. In particular, the magistrate judge found that the crime for which petitioner was convicted remains a criminal offense and that he therefore cannot meet the second element of *Jones*. [Doc. 13 at 7–8]. The R&R notes that

4

"several courts within the Fourth Circuit have held that *Rehaif* did not change substantive law because the conduct for which the petitioner was convicted is still illegal." [Id. at 8] (citations omitted).

On September 28, 2020, petitioner filed objections. In essence, petitioner presents one main argument: that he *can* satisfy the *Jones* test because "petitioner's indictment and the trial court construed 922(g) too broadly, criminalizing petitioner's conduct, and the *Rehaif* rule narrows the previously understood scope of the statute, petitioner's conduct is no longer understood to be criminal." [Doc. 15 at 4].

As noted by the Magistrate Judge, this Court and others within the Fourth Circuit have held that *Rehaif* did not change the substantive law for purposes of the second prong of *Jones* because the conduct for which petitioner was convicted is still illegal. *See, e.g. Swindle v. Hudgins*, No. 5:19-CV-300, 2020 WL 469660, at *2 (N.D. W.Va. Jan. 29, 2020) (Bailey, J.) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of Jones."); *Clark v. Saad*, No. 3:19-CV-14, 2020 WL 1934966, at *3 (N.D. W.Va. Apr. 22, 2020) (Groh, CJ) (Finding that the second prong of *Jones* was not met because the underlying conduct remains a crime); *Rozier v. Breckon*, No. 7:19CV00545, 2020 WL 5790413, at *3 (W.D. Va. Sept. 28, 2020) (Conrad, J.) (collecting Fourth Circuit cases holding the same). Accordingly, this Court agrees with the Magistrate Judge that petitioner is unable to satisfy the § 2255 savings clause and his objections are overruled.

## IV. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 13]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the petitioner's objections **[Doc. 15]** are **OVERRULED**. This Court **ORDERS** that the § 2241 petition **[Doc. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: December 2, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE